**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1869**

ISRAEL K. NEGASH, an individual; ETHIO, INC., a Maryland Corporation d/b/a
Sunoco Food Mart,

　　　　　　　　Plaintiffs - Appellants,

　　　　v.

UNITED STATES OF AMERICA,

　　　　　　　　Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Richard D. Bennett, District Judge.  (1:17-cv-01954-RDB)

Submitted:  March 26, 2019　　　　　　　　　　　　Decided:  May 7, 2019

Before WILKINSON and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Andrew Z. Tapp, METROPOLITAN LAW GROUP, PLLC, Brandon, Florida; William
N. Sinclair, SILVERMAN THOMPSON SLUTKIN WHITE, LLC, Baltimore, Maryland,
for Appellants.  Robert K. Hur, United States Attorney, Alan C. Lazerow, Assistant
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Israel K. Negash and Ethio, Inc. (collectively, Appellants), filed a petition pursuant to 7 U.S.C. § 2023 (2012), seeking judicial review of the United States Department of Agriculture (USDA)'s decision to permanently disqualify them from participating in the Supplemental Nutrition Assistance Program (SNAP). The district court granted the USDA's motion for summary judgment and denied the Appellants' Fed. R. Civ. P. 59(e) motion. The Appellants contend that the district court erred in granting summary judgment prior to discovery. We affirm the district court's orders.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

"We review a district court's denial of a Rule 56(d) motion for abuse of discretion." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014). We will not reverse the

denial of a Rule 56(d) motion absent a clear abuse of discretion or a real possibility that the denial of discovery resulted in prejudice to the moving party. *Strag v. Bd. of Trs.*, 55 F.3d 943, 954 (4th Cir. 1995). Relief under Rule 56(d) is "broadly favored and should be liberally granted in order to protect non-moving parties from premature summary judgment motions." *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 484 (4th Cir. 2014) (internal quotation marks omitted). However, "a court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." *Pisano*, 743 F.3d at 931.

"Congress has been quite firm in ensuring that [SNAP benefits] are used only to purchase eligible food items, and are not exchanged for cash or other things of value." *Idias v. United States*, 359 F.3d 695, 697 (4th Cir. 2004) (internal quotation marks omitted). "[A] store that is caught trafficking in food stamps even one time must be permanently disqualified from [SNAP], unless the Secretary of Agriculture determines that the store had in place an effective anti-trafficking policy." *Id.* Trafficking is defined, as relevant here, as "buying, selling, stealing or otherwise effecting an exchange of SNAP benefits issued and accessed via [EBT] cards . . . for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone." 7 C.F.R. § 271.2 (2018). An aggrieved party may seek judicial review of the USDA's finding that it trafficked in benefits. 7 U.S.C. § 2023(a)(13). Unlike most judicial review of agency action, review of the USDA's trafficking determination is de novo, and is not limited to the administrative record. 7 U.S.C. § 2023(a)(15).

3

We conclude that the district court did not abuse its discretion in granting summary judgment prior to discovery. On appeal, the Appellants seek primarily two pieces of information—the identities of the stores the USDA compared the Appellants' store's sales to ("the comparison stores") and the identity of the households whose transactions the USDA identified as suspicious. As to the comparison stores, the Appellants contend that this information is necessary for them to discover whether they were appropriate comparators. For the household information, the Appellants argue they could use this information to obtain affidavits or depose them to discover the reasons for their shopping habits.

While this information would have been useful, the Appellants did not seek this information in the district court. Absent exceptional circumstances, we will not consider issues raised for the first time on appeal. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014). In the district court, the Appellants only sought the identity of the households to demonstrate that they shopped at their store because of their selection of ethnic food. This evidence cannot create a genuine dispute of material fact given the objective evidence in the record demonstrating that the store's inventory was similar to that of a normal convenience store—the pictures taken by the USDA's inspector and the invoices submitted by the Appellants. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

As to the comparison stores, in the district court the Appellants only sought the transaction data for the stores the USDA compared their store to. However, this information would not have created a genuine dispute of material fact. While the USDA did not reveal the identities of the comparison stores, the administrative record contains their EBT sales data and they were all located within one mile of the Appellants' store. Additionally, the administrative record shows that several of the Appellants' store's customers also used their EBT benefits at larger grocery stores and supermarkets, rebutting their contention that their customers lacked transportation to such businesses. To the extent that the Appellants seek this information to argue that they have a more superior grocery selection than the comparison stores, the record clearly refutes their argument that they were anything other than a normal convenience store. While a court considering a summary judgment motion must give the nonmoving party the benefit of all reasonable inferences, the Appellants instead ask us to abandon common sense—the USDA rightfully concluded that there is no logical explanation for 72 individuals spending over $100 on convenience store items when the Appellants' store does not have a single shopping cart or basket, households were visiting larger grocery stores in addition to the Appellants' store, and suspicious transactions quickly decreased once the Appellants were on notice that their sales were under investigation.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5